UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

GARY AND SUSAN CARLSON,

                Plaintiffs,

   v.

AMERICAN PACIFIC MORTGAGE CORPORATION, a California corporation, and JOHN DOES I-IV,

                Defendants.

Case No. 2:14-cv-01141 RSM

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL

This matter comes before the Court pursuant to Motion to Extend Deadlines (Dkt. # 19) and Motion to Extend Pretrial Deadlines (Dkt. # 25) by Defendant American Pacific Mortgage Corporation ("APMC"), as well as Motion to Modify Case Scheduling Order (Dkt. # 27), Second Motion to Compel Responses to Requests for Production (Dkt. # 31), and Third Motion to Compel Responses to Requests for Production (Dkt. # 40) by Plaintiffs Gary and Susan Carlson (the "Carlsons"). The parties suggested a telephonic hearing on the motions to extend, which the Court deems unnecessary. Having considered the parties' briefs and supporting exhibits, as well as the relevant remainder of the record, the Court finds and rules on the pending motions as follows.

## BACKGROUND

Plaintiffs commenced this civil action on April 3, 2014 by filing a Complaint in King County Superior Court, which Defendant APMC removed to this Court on the basis of its federal question jurisdiction. *See* Dkt. # 1. Plaintiffs, former APMC executives, asserted that

ORDER GRANTING MOTION TO COMPEL- 1

their respective employment agreements entitled them to bonuses based upon profitability, that APMC kept improper financial records, and that APMC wrongfully terminated Plaintiffs' employment when they inquired about unpaid bonuses in violation of 12 U.S.C. § 5567. Dkt. # 1-1 ("Compl."). Defendants counterclaimed for overpayment of wages, trade defamation, and breach of fiduciary duty/duty of loyalty, seeking an award of over $1,000,000 in damages. *See* Dkt. # 3; Dkt. # 8, Ex. 1 ("Evans Decl.") ¶ 5.

On January 30, 2015, the Court entered an Order on Plaintiff's first motion to compel, directing APMC to produce responsive documents within thirty days and to pay Plaintiffs' reasonable expenses associated with bringing its motion. Dkt. # 16. Shortly prior to this deadline, Defendant filed the instant request to extend the deadline for production of these documents by at least 60 days in light of the substantial volume of responsive material (approximately 137,000 pages of documents). Dkt. # 19. This request was followed by two additional motions to modify the case scheduling order, one by Plaintiffs and one by Defendant, proposing different deadlines for production of expert reports, discovery cutoff, and discovery-related motions. Dkt. ## 25, 27. Finally, Plaintiffs filed two related motions to compel detailed below. Dkt. ## 31, 40.

The instant Order resolves all pending Motions.

## DISCUSSION

### A. Motions to Extend Deadlines

The Court first considers Defendant's request for a 60-day extension until May 2, 2015 to produce documents responsive to Plaintiffs' Requests for Production ("RFPs") No.'s 7 through 33. A Court's scheduling order may be modified under Federal Rule of Civil Procedure 16(b) "upon a showing of good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the pre-trial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. *Id.* The Court finds these standards met with respect to APMC's request for a continuance, in light of the substantial volume of responsive material and APMC's good faith efforts to comply with

the Court-ordered deadline. The Court further finds that Plaintiffs will not be prejudiced by the extension, particularly in light of the continuance of discovery-related deadlines outlined below. Accordingly, APMC's request to continue the deadline to respond to RFP's 7 through 33 shall be granted.

Plaintiffs and Defendant have both moved for additional modifications to the Court's Scheduling Order. *See* Dkt. ## 25, 27. First, both parties agree that an extension of the deadline for disclosure of expert reports is necessary, as the parties have been unable to agree on the production of certain financial documents that would likely be considered by the experts. The parties disagree solely on the scope of the extension. Plaintiffs assert that the extension should not apply to APMC, which did not timely disclose an expert. Plaintiffs also ask that the expert report disclosure deadline be extended to May 29, 2015, rather than April 27, 2015 as suggested by APMC, to allow the experts time to assimilate the financial data that APMC anticipates it will disclose by the end of April. *See* Dkt. # 26, ¶ 9 (Chappel Decl.).

The Court agrees with Defendant that the deadline should be moved with respect to both disclosure of the identity of experts and the experts' reports. As Federal Rule of Civil Procedure 26(a)(2) explicitly contemplates both the disclosure of expert identities and reports by the Court-ordered deadline, the Court finds no reason to parse this deadline in the way that Plaintiffs request. In light of the Court's decision herein to extend the deadline for Defendant's disclosures and its decision on Plaintiffs' requests to compel, the Court finds it appropriate to extend the deadline for expert witness disclosures to May 29, 2015, as suggested by Plaintiffs. The Court notes that the Federal Rules allow for supplementation such that no further extension of this deadline should be necessary. *See* Fed. R. Civ. P. 26(a)(2)(E); Fed. R. Civ. P. 26(e).

As to discovery, both parties agree on an extension of the discovery-related motions deadline from April 13, 2015 to May 28, 2015 but disagree as to an extension of the deadline for the cutoff of discovery itself, currently set for May 11, 2015. Plaintiffs request an extension solely for expert witnesses' depositions (*see* Dkt. # 28, pp. 2-3), while Defendant

ORDER GRANTING MOTION TO COMPEL- 3

asserts that the substantial volume of production contemplated coupled with the exigencies of its contemporaneous audit period necessitate an extension of the discovery period in its entirety. The Court agrees with APMC, particularly in light of its decisions herein on Plaintiffs' requests to compel, and shall accordingly move the discovery period cutoff to June 25, 2015. As Defendant represents, this extension should not delay the trial date for this case. In light of this extension, the Court finds it appropriate to also extend the dispositive motions deadline to July 25, 2015, thirty days after the close of discovery. *See* Fed. R. Civ. P. 56(b).

### B. Motions to Compel

Through their Second Motion to Compel Discovery Reponses, Plaintiffs move the Court to compel APMC to produce documents in response to RPF No.'s 6 and 7. Through RFP No. 7, Plaintiffs seek production of documents reflecting the sale of retail loans opened during Plaintiffs' employment with APMC, including those related to bulk sales and service release premiums. Defendant asserts that the requested documents related to APMC's sale of retail loans on the secondary market are irrelevant, as the profits that APMC may have made in the capital or secondary market would not have been used as a basis for the calculation of Plaintiffs' bonuses. Defendant also asserts that RFP No. 6, which seeks production of documents reflecting bonus calculations for any APMC Washington employee, is overbroad, in that it would require production of documents related to fixed bonuses, signing bonuses, and other bonuses unrelated to the performance-based bonuses to which Plaintiffs assert they were contractually entitled.

Plaintiffs' Third Motion to Compel Discovery Responses moves the Court to compel disclosure of retail loan related documents for loans closed on after the termination of Plaintiffs' employment (RFP No.'s 1 and 2), which Plaintiffs contend are relevant to their compensation for lost wages should their employment termination be found wrongful. AMPC objects to this request on the same relevancy ground asserted in response to RFP No. 7. Plaintiffs also seek an order compelling APMC to identify specific documents among those already disclosed that are responsive to Plaintiffs' request for emails among APMC employees regarding the Carlsons' employment performance and termination (RFP No.'s 3-6). Defendant contends that it has already produced responsive documents as they were kept

in the ordinary course of business and therefore has no further disclosure obligations related to these RFPs.

The Federal Rules of Civil Procedure provide for broad discovery in civil actions. *Wilkerson v. Vollans Auto., Inc.*, 2009 WL 1373678, *1 (W.D. Wash. 2009). "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The provision is liberally construed to allow the wide-ranging discovery necessary to avoid surprise at trial and help the parties evaluate and resolve their disputes. *Wilkerson,* 2009 WL 1373678 at *1. For purposes of discovery, relevant information is that which is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). In considering such disputes, the district court enjoys broad discretion in determining relevancy and must temper discovery where its burden or expense outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii); *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

First, as to RFP No.'s 1, 2, and 7, the Court finds that the relevancy dispute between the parties goes to the merits of Plaintiffs' claims and is inappropriate for resolution through these discovery-related motions. It is undisputed that Plaintiffs were entitled to the "net profits" generated by their retail division during the term of their employment. *See* Dkt. ## 36, Ex.'s A & B. The question is whether these "profits" extend only to loans originated at the branch level, or whether they include revenue derived from the sale of these loans on the secondary market. *Compare* Dkt. # 36, ¶ 4 (Lowman Decl.) *with* Dkt. # 38-6, ¶¶ 3-4 (Van Drunen Decl.). While the Court declines to rule on this matter at present, it notes that the inclusion of service release premiums on APMC's branch profitability statements suggests that APMC itself understood revenues from the resale of loans to be relevant to the calculation of branch income. *See* Dkt. ## 38 at Ex. A-D; Van Drunen Decl. at ¶ 3 (" 'Service Release Premium' is an industry term that reflects the income recognized by APMC from APMC's release to a third party of the right to service the loan, or in other words, to collect the mortgage payments made by the borrower, typically effected with a sale of the loan to investors on the secondary market."). In light of the broad construction to be given to the

Federal Rules governing discovery, the Court finds the documents requested through RFP No. 7 to be sufficiently relevant to Plaintiffs' claims to warrant disclosure. As APMC does not dispute Plaintiffs' contention that branch revenue information following their termination is relevant to the Carlsons' potential recovery for lost wages, Plaintiffs' request to compel responses to RFP No.'s 1 and 2 shall be granted as well.

As to Plaintiffs' additional requests to compel, the Court agrees with Defendant that Plaintiffs seek too much. Plaintiffs' RFP No. 6 seeks extensive disclosure of APMC documents pertaining to all employee bonuses without any tailoring to the type of bonuses to which Plaintiffs were contractually entitled. The Court does not see how information related to signing and fixed bonuses, for instance, has any bearing on the calculation of performance-based bonuses allegedly owing to the Carlsons. Accordingly, Plaintiffs' request to compel documents in response to RFP No. 6 shall be denied without prejudice. The Court is also not persuaded that APMC has failed to respond to RFP No.'s 3 through 6 as required by the Federal Rules. A party meets its disclosure obligations by producing "documents as they are kept in the usual course of business." Fed. R. Civ. P. 34(b)(2)(E). It appears that Defendant has done so by disclosing in excess of 50,000 pages of documentation taken from computers used by the Carlsons during their APMC employment. Dkt. # 40-1, ¶ 5 (Evans Decl.). Plaintiffs point to no requirement that Defendant pull out and identify directly responsive documents from among those that have already been provided as they were kept in the ordinary course of business. Accordingly, Plaintiffs' request to compel identification of responsive documents to RFP's 3 through 6 shall also be denied.

Finally, the Court considers Plaintiffs' request for fees. Generally, if the Court grants a discovery motion, it "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Such an award is mandatory unless the Court finds that the opposing party's nondisclosure was substantially justified or that other circumstances make an award of expenses unjust. Here, the Court has granted Plaintiffs' requests to compel only in part. As to the portions of these requests that it has granted, the Court finds that Defendant's objections to RFP No.'s 1 and 7 were substantially justified

given Defendant's position on the merits. Accordingly, attorney's fees for Plaintiff's second and third motions to compel shall be denied. The parties are encouraged to resolve to the extent possible any future discovery disputes without the Court's intervention and with an eye to the broad discovery permitted under the Federal Rules.

## CONCLUSION

For the above-stated reasons, the Court hereby finds and ORDERS on pending Motions as follows:

(1) Defendant's Motion to Extend Deadlines (Dkt. # 19) is GRANTED. APMC is permitted a sixty (60) day extension until May 2, 2015 to produce documents responsive to Plaintiffs' Request for Production No.'s 7 through 33.

(2) Defendant's Motion to Extend Pretrial Deadlines (Dkt. # 25) and Plaintiff's Motion to Modify Case Scheduling Order (Dkt. # 27) are both GRANTED in part. Deadlines in the Court's Scheduling Order shall be modified as follows, with trial date and all other pretrial deadlines remaining unmodified:

    a. The deadline for Disclosure of Expert Reports is continued to May 29, 2015.

    b. The deadline for Discovery-Related Motions is continued to May 28, 2015.

    c. The Discovery Cutoff is continued to June 25, 2015.

    d. The Dispositive Motions Deadline is continued to July 25, 2015.

(3) Plaintiffs' Second Motion to Compel Responses to Requests for Production (Dkt. # 31) is GRANTED IN PART. Defendant is directed to produce all documents responsive to Plaintiffs' RFP No. 7, as provided herein. Plaintiffs' request to compel responses to its RFP No. 6 is denied without prejudice.

(4) Plaintiffs' Third Motion to Compel Responses to Requests for Production (Dkt. # 40) is GRANTED IN PART. Defendant is directed to produce all documents responsive to Plaintiffs' RFP No.'s 1 and 2, as provided herein. Plaintiffs' request to compel APMC to identify responsive documents to Plaintiffs' RFP No.'s 3 through 6 is denied.

(5) No attorneys' fees or costs associated with bringing the above-specified motions shall be awarded.

//

Dated this 24th day of April 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO COMPEL- 8